IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-20-1890 |
| MCDANIEL COLLEGE, INC., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

John Doe ("Plaintiff") filed an Amended Complaint against Defendant McDaniel College, Inc. ("McDaniel"), alleging, in relevant part, violations of Title IX.  ECF 47.  McDaniel has filed a Partial Motion to Dismiss Claim IV of the Amended Complaint.  ECF 48.  Plaintiff filed an opposition, ECF 52, and McDaniel filed a reply, ECF 55.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, McDaniel's partial motion to dismiss will be granted.

## I. Factual and Procedural Background

The following factual allegations are derived from the Amended Complaint and are assumed to be true for purposes of this motion.  In September, 2018, a female student falsely accused Plaintiff of non-consensual sexual activity.  ECF 47 ¶ 3.  At the hearing, despite overwhelming evidence against the female student's claims, a panel of McDaniel administrators "with a demonstrated history of anti-male bias" reached factual conclusions against Plaintiff, without affording Plaintiff an advisor or an opportunity to respond to certain information presented.  *Id.* ¶¶ 4-5.  Plaintiff filed an appeal, arguing three separate grounds, but McDaniel's appeal panel considered only one of his contentions before rejecting his appeal.  *Id.* ¶ 6.  Because

Plaintiff had attended McDaniel on a ROTC scholarship, the findings by McDaniel resulted in the initiation of military proceedings and affected Plaintiff's ability to receive a commission and to avail himself of other career opportunities. *Id.* ¶ 2. This lawsuit ensued.

Along with other claims, Plaintiff's Amended Complaint contains two claims for violation of Title IX. Claim Three alleges an "Erroneous Outcome," which exists where "a plaintiff is innocent and wrongfully found responsible with gender bias as a motivating factor." *Id.* ¶¶ 234-49. In support of that claim, Plaintiff provided multiple factual allegations, including social media posts and public statements from the members of his decision panel suggesting anti-male bias. *Id.* ¶ 242. In addition, taking Plaintiff's allegations as true, the Decision Panel made factual findings and procedural decisions evidencing bias against male students. *Id.* Claim Four alleges "Selective Enforcement," suggesting that the Decision Panel imposed one of the most severe available penalties as a result of his gender. *Id.* ¶¶ 250-61. In support of that contention, he alleges, "Upon information and belief, women at McDaniel found responsible for similar Title IX Policy violations that did not involve 'non-consensual intercourse' received less severe sanctions than suspension;" and "Upon information and belief, McDaniel possesses records evidencing that women found responsible for similar Title IX Policy violations that did not involve 'non-consensual intercourse' received less severe sanctions than suspension." *Id.* ¶¶ 259-60.

## II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (Agee, J., concurring); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that,

even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is

improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

**III.   Analysis**

Plaintiff frames his Amended Complaint as asserting two separate claims under Title IX: Claim Three, which is captioned "Violation of Title IX – Erroneous Outcome;" and Claim Four, which is captioned "Violation of Title IX – Selective Enforcement." ECF 47. Those distinctions arise from the Second Circuit's decision in *Yusuf v. Vassar College*, 35 F.3d 709, 715-16 (2d Cir. 1994), which described the "erroneous outcome" and "selective enforcement" theories under which a Title IX violation could be proved. Recently, however, courts including several circuits have moved away from viewing Title IX as creating those two independent claims. Those courts have recognized that the Title IX statute itself contains no language suggesting a categorical

distinction between "erroneous outcome" and "selective enforcement." For example, the Seventh Circuit reasoned:

> [w]e see no need to superimpose doctrinal tests on the statute. All of these categories simply describe ways in which a plaintiff might show that sex was a motivating factor in a university's decision to discipline a student. We prefer to ask the question more directly: do the alleged facts, if true, raise a plausible inference that the university discriminated against [the plaintiff] "on the basis of sex"?

*Doe v. Purdue Univ.*, 928 F.3d 652, 667–68 (7th Cir. 2019). The Third Circuit and Ninth Circuit have agreed. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 209 (3d Cir. 2020) ("[W]e adopt the Seventh Circuit's straightforward pleading standard and hold that, to state a claim under Title IX, the alleged facts, if true, must support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex."); *Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 947 (9th Cir. 2020) ("Although our court has acknowledged some of the doctrinal tests that other courts have employed in this context and assumed their application, we have not expressly adopted any of them. . . . [W]e find persuasive the Seventh Circuit's approach to Title IX claims in this context." (citation omitted)).

The Fourth Circuit finds itself in the posture the Ninth Circuit described in *Schwake*. In a recent unpublished per curiam decision, *Doe 2 by and through Doe 1 v. Fairfax County School Board*, No. 19-1702, No. 19-1717, 2020 WL 6158091, at * 1 (4th Cir. Oct. 21, 2020), the Court stated, "Citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994), the parties agree that Doe can attempt to recover on his sex discrimination claim under either an erroneous outcome theory or a selective enforcement theory." The Fourth Circuit then proceeded to consider the district court's grant of summary judgment using that framework. In other words, it "acknowledged some doctrinal tests that other courts have employed in this context and assumed their application,"

without expressly adopting the distinction between erroneous outcome and selective enforcement claims.  *Schwake*, 967 F.3d at 947.

Because the Fourth Circuit has no binding precedent in this area, this Court agrees with the position recently taken by the Third, Seventh, and Ninth Circuits.  The text of Title IX prohibits an educational institution from discriminating against a student on the basis of sex, and the general standard espoused by those circuits more directly adheres to that language.  *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.").  If this Court applies that standard, there is no basis for Plaintiff to maintain two separate Title IX claims in his Amended Complaint.  Because McDaniel has not sought dismissal of the Title IX claim asserted in Claim Three, dismissal of Claim Four will not affect Plaintiff's ability to obtain relief pursuant to that statute, if he can establish that his disciplinary proceedings were infected by sex-based discrimination.

Alternatively, however, if the *Yusuf* doctrinal distinctions were deemed to apply, this Court would agree with McDaniel's view that the vast majority of courts considering a motion to dismiss a selective enforcement claim, including district courts within the Fourth Circuit, have required a complaint to include plausible factual allegations identifying a comparator who was treated differently. *See, e.g.*, *Streno v. Shenandoah Univ.*, 278 F. Supp. 3d 924, 930, 932 (W.D. Va. 2017) (noting that allowing the case to proceed "would authorize the kind of fishing expedition *Iqbal* and *Twombly* were meant to avoid"); *Owen v. Liberty Univ.*, No. 6:19-cv-00007, 2020 WL 1856798, at *5 (W.D. Va. Apr. 13, 2020), *appeal docketed*, No. 20-1596 (4th Cir. May 28, 2020); *Sheppard v. Visitors of Va. St. Univ.*, No. 3:18-CV-723-HEH, 2019 WL 1869856, at *5 (E.D. Va. Apr. 25, 2019); *see also Doe v. Fairfax Cnty. Sch. Bd.*, 403 F. Supp. 3d 508, 515 (E.D. Va. 2019)

(expounding upon the need for a comparator to succeed on a selective enforcement theory upon motion for summary judgment). Although the Fourth Circuit itself has never decided this issue, this Court finds the rationales in those cases persuasive. A selective enforcement claim implies some fact-based reason to believe that the educational institution has treated similarly situated persons differently on account of sex. Such a claim should not be permitted to proceed based on mere speculation that a broad-ranging review of the institution's records might yield some persuasive examples. *See Albert v. Carovano*, 851 F.2d 561, 573 (2d Cir. 1988) (expressing concern that permitting selective enforcement claims to proceed without comparators would lead to "discovery concerning the entire disciplinary history of a college and then to a confusing, unmanageable and ultimately incoherent retrial of every disciplinary decision"). Thus, even if the *Yusuf* distinctions were employed, this Court would dismiss Plaintiff's Claim IV for failure to state a plausible claim of selective enforcement.

**CONCLUSION**

For the reasons set forth above, McDaniel's Partial Motion to Dismiss Claim IV, ECF 48, is granted. An implementing Order follows.


Dated: November 6th, 2020                                /s/
                                                         Stephanie A. Gallagher
                                                         United States District Judge